(Surrogate's Court, Orleans County. September, 1906.)

BROKERS—CONTRACT—RIGHT TO COMMISSIONS.

Where a broker agreed with the owner of land to sell it, and that all above a certain price should be divided between them, and advised her to sell below the price named after a certain time on the ground that the lands were not worth more, and effected a sale, after the death of the owner, for her executor, at a price which left nothing to be divided under his agreement with the decedent, a claim against the executor for commissions could not be allowed.

In the matter of the estate of Mary E. W. French. Claim of H. D. Cabot, administrator.

Sardius D. Bentley, for claimant.

Ernest B. Millard, for executor.

SIGNOR, S. I have deemed it unnecessary to consider the other questions in dispute, for the reason that I am of the opinion that the claimant failed to show any damage sustained by him. Mr. Cabot interprets and summarizes the agreement between him and the testatrix as follows:

"That we set the value of the land at one dollar per acre; that you advance the cost of this trip and the taxes as they accrue from year to year; that I sell the land as soon as possible and at the best price obtainable; that the proceeds be applied to the payment to you of the land at one dollar an acre, the cost of the trip, and the taxes as they accrue; that, when you have been reimbursed for these amounts, we divide the balance in equal parts. It will not be possible for me to participate in any of the profits until such time as you have received this amount of money."

It is clear that Mr. Cabot expected to receive nothing unless the property should bring over one dollar an acre plus the expenses of the trip to Missouri and the amount of the taxes as they should accrue. Assuming that his interest was irrevocable and a lien on the property, the lien could be but for the excess; and it is very clear to me that he not only failed to show an offer that would bring any such amount, but that he also failed to show that the property was worth any such amount. If he failed in this respect, he has not been damaged, and nothing is due to him for which he can have a lien. As evidence of the value of the property the claimant offered the assessed valuations. That was all he proved on that point, and it is clear to me that such evidence is not sufficient to show the value of the property.

On October 25, 1905, claimant wrote the attorneys for the executor as follows:

"Regarding the Missouri land of the late Mrs. French, I have been working on three different parties for some time in an endeavor to effect a sale of this Missouri land, and have finally secured an offer from one man here in Boston, who just now happens to have a little money which he is anxious to invest, and I doubt if he is familiar with local conditions. He has gone over the whole situation with me, and will give one dollar an acre for land in sections 1, 10, 17, 20, and 21, a total of 556 acres, taking the titles as they now stand, with the understanding that the taxes for this year are paid by Mrs. French's estate, amounting to $24 or thereabouts. Relative to the land in section 8, you are familiar with the conditions of title, and this party does not believe it is worth much. The Ozark Land & Lumber Co. claim to own it and are paying taxes on it, and it would mean a prolonged lawsuit to determine in whom title rests. For the past year and a half I have been in touch with various dealers in Missouri lands, and have been unable to secure any good offer which has materialized, and in my opinion, if this party is willing to take this property in the present condition of title, it would be advisable to let him have it. He will want an executor's deed, with the understanding that he can later have a deed signed by the residuary legatees, or the other heirs interested in the property, if he desires. I should appreciate an early reply, as this party will not hold the offer open many days. Do you desire me to return the copy of the will which you very kindly sent to me?"

He wrote them again reporting an offer of one dollar an acre for the entire property. It appears from his letter of October 25th that he thought it advisable to accept a dollar an acre. According to his own admission, that was all the land was liable to bring, and, in fact, fully as much as he then considered it was worth. After making considerable effort, the executor sold the land in April, 1906, for $900, a sum less than a dollar an acre plus the expenses of the trip to Missouri and the taxes. Not only did the claimant fail to show that he has been damaged by the action of the executor, but it seems to me that he has shown by his own admission that in no event would the property have brought a sufficient amount to entitle him to anything under his agreement with the testatrix.

In regard to the contention of the claimant's counsel that, in any event, Mr. Cabot should be allowed his claim as a fair charge for his services, it is sufficient to say that, while Mr. Cabot spent a good deal of time and trouble, the agreement as interpreted by him clearly contemplated no remuneration to him save as profits under the conditions discussed above. And in his letter of February 7, 1904, to testatrix, he wrote in regard to his making the Missouri trip: "Needless to say I should not charge for my time." The testatrix and claimant entered into a venture in which the latter was to share in the excess the property of testatrix should bring over a certain value plus the taxes and expenses. The venture failed, because no such price was ever offered, and the claimant has failed to show any likelihood of the property ever having brought such a price.

From evidence furnished me in this matter it appears that the executor sold about 715 acres of land for about $900, which would be a little more than $1 an acre, the sum at which the claimant advised the sale of the property; but, taking the whole contract into consideration and amount of land sold prior to Mrs. French's death, the price paid therefor, and also the amount of money she advanced on the contract, I am unable to find that there is any amount due the claimant. The price for which the executor sold the property seems to be in excess of the value placed upon it by the claimant. For the reasons stated I think the claim should be dismissed, but without costs as against the claimant.

An order to this effect may be entered.